UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

IN RE:
    YEATTS CONTRACT OF VIRGINIA, INC.

                              **Debtor.**                      **Case No. 05-74983-A**

**TOM C. SMITH, TRUSTEE**

                              **Plaintiff,**

v.                                                  **APN 05-7114-A**

**COPE INDUSTRIES, INC., et al**

                              **Defendants.**

---

## MEMORANDUM OPINION AND ORDER

The Court is faced with the dilemma of whether to approve a proposed settlement of substantial litigation brought by the trustee against several suppliers of the debtor, seeking to avoid security interests granted to the six named defendants pursuant to §§547 and 548 of the Bankruptcy Code, over the objection of an unsecured creditor, Richards-Wilcox, Inc. ("R-W"). The Court has jurisdiction over the issues presented pursuant to 28 U.S.C. Section 157(b)(2) and 28 U.S.C. Section 1334(b).

### BACKGROUND

On June 9, 2005, an involuntary Chapter 7 petition was filed with the Court. Since the debtor did not answer the petition, an Order of Relief was entered on July 12, 2005 and the debtor was adjudicated a bankrupt corporation. The trustee negotiated a settlement of the adversary proceeding and filed an Application to Settle his Complaint in

1

the adversary proceeding and in the main bankruptcy case. The Court heard argument on the trustee's application and the objections thereto. The defendants, for the purposes of this opinion, are alleged secured creditors of the debtor and will be referred to as secured creditors, without the Court making a legal determination at this time as to whether they are in fact secured creditors or not.

## FINDINGS OF FACT

The trustee did not conduct formal discovery of the six defendants; however, he engaged in extensive informal discussions with counsel for the defendants and was provided with documents from them supporting their defenses to his Complaint. The trustee investigated the connections between the six secured creditors he filed his Complaint against in order to determine if any of them were insiders of the debtor.

The trustee found that one of the defendants, Cope Industries, Inc., was owned by the sister of Jim Yeatts, the principal and owner of the debtor. He also found that another of the secured creditors, Underwood Enterprises, Inc., was operated by Jimmy Underwood, who was employed by the debtor as a sales manager and who was also an employee of Cope Industries at one time. He further determined that the president of Allied Contract, Inc. is the brother of Jim Yeatts, the principal of the debtor.

The trustee further discovered that three of the defendants had no connection, other than a business connection, with the debtor. He found that the defendants advanced substantial sums or goods to the debtor after it granted each of them liens on its assets in December, 2004:

  1.   Allied Contract advanced to the debtor $62,296.57

2.  RMP Associates advanced to the debtor  $23,539.00

3.  Underwood Enterprises advanced to the debtor  $33,000.00

4.  Cope Industries advanced to the debtor  $477,646.69

5.  Stonehill Sales and Services advanced to the debtor  $42,190.38

6.  A to Z Furnishings, Inc. advanced to the debtor  $229,930.43

The advances of these goods or funds were made to the debtor to assist it with its government contracting. The debtor owed substantial sums to the defendants at the time of the shipment of goods or the advancement of credit to the debtor, and the debtor owed the secured creditors at the time of the filing of the involuntary petition a total of approximately $904,580.00.

The trustee has on hand at this time approximately $298,000.00. He has identified an additional asset of the debtor in the form of an account receivable from the government in the amount of approximately $623,000.00. In addition, he has identified another $1,000,000.00 in potentially preferential payments to other creditors that he may pursue on behalf of the estate. There is approximately $550,000.00 in unsecured claims against the debtor, based upon filed proofs of claim.

In the proposed settlement of the trustee's claims against the secured creditors, the defendants have agreed to cap their claims at 85.5% of the actual amount due, reducing their claims to approximately $733,400.00, but in no event more than $800,000.00. In addition, the trustee would retain 10% of all sums he collects for the benefit of the unsecured creditors. The trustee's commission in this bankruptcy case is specifically set forth in the proposed settlement. If the trustee is successful in collecting

the account receivable due from the government, the unsecured creditors would receive approximately 52% of the claims. Most significantly, the trustee is of the considered opinion that the settlement is in the best interests of all the creditors in the case and has therefore proposed the settlement in good faith.

## CONCLUSIONS OF LAW

The settlement terms proposed by the trustee include the release of the six defendants from all liability to the estate in return for their joint agreement to carve out 10% of all funds recovered for the benefit of the estate from agreed portions of the distributions otherwise payable to the defendants on account of the secured claims they hold against the debtor, while retaining to the trustee the right to object to the amount and/or validity of the claims of the defendants on grounds other than those contained in §§ 502(b)(4) or 502(d). In addition, the claims of the defendants are each reduced by 14.5% and each waives interest on their claims and reimbursable costs.

R-W objects to the proposed settlement basically on two grounds. The first reason R-W urges that the settlement is not in the best interests of the creditors and the estate is because it feels that Cope, Underwood and Allied are insiders of the debtor. We have cited above the relationships among the debtor and those three creditors, and without reaching a legal conclusion on the issue of insider, we find that that issue would bear further scrutiny in the context of an evidentiary hearing. In re Prado Verde Ranch, Inc., 250 B.R. 126 (Bankr. D. N.M. 2000). The trustee maintains that it would be difficult to establish that all of the said defendants are insiders. The inquiry would require an

4

evaluation of any relationship and the activity and control of individuals involved with the debtor and certain of the other defendants. Those relationships may or may not stand the test of "insider" definition in § 101(31).

If the Court considers, for the sake of the objection filed by R-W, that the corporations of Cope, Underwood and Allied are insiders, that is not the end of the inquiry. That determination, if made, would set in motion a different standard to review the granting of the liens to these defendants and the evaluation of payments made to them by the debtor. The trustee has recited to the Court, in summary form, the further advancements of credit, funds and goods by the defendants at and after the time of the granting of the liens to the defendants in December 2004, which clouds the issues of preferences and the granting of liens.

The other premise urged by R-W is that the proposed settlement falls "below the lowest point in the range of reasonableness". See In re Austin, 186 B.R. 397 (Bankr. E.D. Va. 1995). We have attempted to analyze the facts presented in order to come to an objective opinion of the probability of success of the trustee's claims against the defendants, after estimating the complexity of the litigation, the probable expense and duration of the litigation and the probabilities of collection. In the final analysis, the Court must decide if the proposed settlement falls "below the lowest point of the range of reasonableness". That latter term and criterion is not defined, but must be a conclusion of the Court in order to refuse to follow the trustee's recommendation.

We cannot conclude, from the evidence before the Court and the representations of counsel, that there is not a substantial risk to the trustee's success in the litigation.

While he may be successful in proving parts of his claim, there is absolute uncertainty of his success in proving all that is necessary to recover from the defendants. In fact, one of the defendants is allegedly teetering on the brink of bankruptcy itself, which puts in doubt the collectibility of any judgment rendered in favor of the trustee against it.

None of the defendants are domiciled in Virginia, and this case would involve substantial discovery and expensive legal and preparation costs to bring the matter to trial. There appears to the Court to be some plausible defenses offered by the defendants, and the objecting creditor would bear none of the risks or the expense of bringing this matter to trial.

The trustee estimates that the proposed settlement will net to the bankruptcy estate approximately $150,000, and that sum would be in addition to any other sums recovered by the trustee from the claim against the government and others; he actually estimates the payout to the unsecured creditors of approximately 52% of their allowed claims. The Court can conclude that this estate could be depleted solely from the costs of all the possible litigation, were we to refuse to accept the settlement and were the trustee not successful in its litigation against the defendants. This litigation drives the success of the trustee in his administration of this case, and we cannot say that his analysis of the litigation is inaccurate. The trustee is a well respected member of the bar of this Court, and he has many years of experience in this arena. Those factors bear heavily on the Court's consideration of the merits of the proposed settlement.

## CONCLUSION

For the reasons stated, the Court accepts the trustee's evaluation of the success potential of his claims against the defendants and accepts his recommendation to

approve the negotiated settlement. We cannot find that the settlement is not reasonable and that it does not meet the test set of being below the lowest point of the reasonableness, as established by the ruling case law in this jurisdiction. Therefore, the trustee's Application to Approve Settlement, on the terms he has proposed, is GRANTED.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 17, 2006

*/s/ David H. Adams*
Judge, United States Bankruptcy Court

Copies to:
  B. Webb King, Esquire
  Donald C. Schultz, Esquire
  Robert B. Van Arsdale, Esquire
  Tom C. Smith, Jr., Trustee
  Karen M. Crowley, Esquire
  Peter G. Zemanian, Esquire
  Barry W. Spear, Esquire
  John D. McIntyre, Esquire
  Michael P. Cotter, Esquire

NOTICE OF JUDGMENT OR ORDER
Entered on docket

Feb. 17, 2006